UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SECRET SERVICE,<br><br>Defendant. | Civil Action No. 25-1622 (TJK) |

# **ANSWER**

The United States Secret Service ("Defendant" or "Secret Service"), by and through its undersigned counsel, hereby answers the complaint filed under the Freedom of Information Act ("FOIA") by the Human Rights Defense Center ("Plaintiff" or "HRDC") on May 21, 2025.

To the extent that any allegation is not specifically admitted, the allegation is denied. What is more, to the extent that the complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant hereby responds to the separately numbered paragraphs in Plaintiff's complaint using like-numbered paragraphs.

## INTRODUCTION[1]

1. Defendant admits that on or about July 10, 2024, Plaintiff submitted a written request under the FOIA to the United States Secret Service. The paragraph's remaining allegations amount to Plaintiff's summary of the case to which no response is required.

## PARTIES, JURISDICTION, VENUE

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3. Defendant admits that the United States Secret Service is an agency of the United States and is a component of the Department of Homeland Security, which may have possession, custody, and control of records that Plaintiff seeks.

4. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant admits only that this court has jurisdiction over this action subject to the limitation under the FOIA.

5. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant admits that venue is proper in this judicial district.

## FACTUAL BACKGROUND

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

---

[1] For ease of reference, Defendant's answer generally replicates the headings contained in the complaint. Use of these topic headings below does not constitute an admission or acknowledgement of their relevance or accuracy. Although Defendant believes that no response is required to such headings, to the extent that a response is deemed required and to the extent that the headings or titles could be construed to contain factual allegations, those allegations are denied.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**THE FOIA REQUEST TO THE SECRET SERVICE – REQUEST NO. 20241004**

11. Defendant admits that on or about July 10, 2024, HRDC submitted a written FOIA request to the Secret Service. The remainder of this paragraph contains Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents (Plaintiff's Ex. A) and denies any allegations inconsistent therewith.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first clause of this paragraph. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of a portion of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents (Plaintiff's Ex. A) and denies any allegations inconsistent therewith.

13. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. The allegations in this paragraph purport to characterize a 2024 Litigation and Compliance Report, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the referenced Report for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

15. The allegations in this paragraph purport to characterize a 2024 Litigation and Compliance Report, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the referenced Report for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

16. The allegations in this paragraph purport to characterize a settlement agreement, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the referenced settlement agreement (Plaintiff's Exhibit B) for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis, denies them.

18. Defendant admits that on or about July 11, 2024, the Secret Service responded to Plaintiff's FOIA request, acknowledging receipt of the request and assigned it File Number 20241004. The remainder of the allegations in this paragraph consist of Plaintiff's characterization of the referenced correspondence, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to Plaintiff's Ex. C for a complete and accurate statement of the letter's contents and denies any allegations to the extent they are inconsistent therewith.

19. Defendant admits that on or about December 5, 2024, the Secret Service sent Plaintiff a status letter. Defendant respectfully refers the Court to Plaintiff's Ex. D for a complete and accurate statement of the letter's contents.

20. Defendant admits that it has not corresponded with Plaintiff since the status letter was sent on or about December 5, 2024.

## COUNT I
## Violation of 5 U.S.C. § 522(a)(6)(A)(i)
## Failure to Timely Make a Determination

Defendant incorporates each response to Paragraphs 1 through 20 above as if set forth fully herein.

21. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

22. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

23. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

24. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

25. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

26. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

27. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

28. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

## COUNT II
## Violation of 5 U.S.C. § 522(a)(3)(A)-(D)
## Failure to Make a Reasonable Effort to Search for and Release Records

Defendant incorporates each response to Paragraphs 1 through 20 above as if set forth fully herein.

29. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

30. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

31. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

32. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

## COUNT III
## Violation of 5 U.S.C. § 552(a)(4) & (6)
## Failure to Grant Fee Waiver

Defendant incorporates each response to Paragraphs 1 through 20 above as if set forth fully herein.

33. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

34. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

35. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

36. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

## REQUEST FOR RELIEF

The complaint's final paragraph contains conclusions of law and requests for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in this paragraph and that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

1. Defendant is entitled to invoke all exemptions and other defenses available under the FOIA and the Privacy Act.

2. Plaintiff is not entitled to compel the production of responsive records protected from disclosure by any applicable exemptions or exclusions under the FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

3. The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under the FOIA.

4. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

5. Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(E).

6. Plaintiff's FOIA request does not reasonably describe the records sought and therefore does not comply with the FOIA and/or does not trigger a search or production obligation.

7. The Court lacks jurisdiction over any matter to the extent Plaintiff has failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this action.

Defendant may have additional defenses that are not known at this time, but which may become known at a later date. Thus, Defendant reserves the right to assert every affirmative or

other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

Date:   July 23, 2025
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Sam Escher*
SAM ESCHER, D.C. Bar #1655538
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2531
Sam.Escher@usdoj.gov

*Attorneys for the United States of America*